COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


KEVIN W. KIRK

v.          Record No. 1501-94-1          OPINION BY
                                          JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                  NOVEMBER 28, 1995

        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Thomas S. Shadrick, Judge

        Scott M. Reed (Scott M. Reed, P.C., on
        brief), for appellant.

        H. Elizabeth Shaffer, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


        On appeal from his convictions of two counts of robbery, two

counts of use of a firearm in the commission of robbery, and

three counts of possession of a firearm while a convicted felon,

Kevin W. Kirk contends that the trial court (1) denied him due

process by refusing to sever for trial the charges against him,

and (2) erred in admitting evidence that an alibi witness was his

homosexual lover and suffered Acquired Immune Deficiency Syndrome

(AIDS).  We find no error and affirm the judgment of the trial

court.

                                  I.

        On October 12, 1993, Todd Angelo was working the midnight

shift as a clerk at the Unimart on South Independence Boulevard

in Virginia Beach.  Kirk entered the store between 1:30 and 2:00

a.m.  Kirk approached the counter, pulled out a small, wooden-

handled .22 caliber handgun, pointed it at Angelo's chest, and demanded the money from the cash drawer. Angelo complied. As Kirk left, he told Angelo not to follow him or he would shoot. Kirk then fled on foot toward Dahlia Drive. Angelo reported the robbery and described Kirk, his gun, and his clothes.

On October 22, 1993, Angelo was again working the midnight shift. Shortly after 2:00 a.m., Kirk entered the Unimart. Angelo recognized him from the previous robbery. Kirk approached the counter, pulled out the same handgun, and demanded all the money from the cash register. Angelo complied. As Kirk left the store, he again warned Angelo not to follow him. Angelo immediately reported the robbery.

On November 10, 1993, Angelo was again working the midnight shift at the same Unimart. A friend, Rodney Baldwin, was in the store keeping him company. Angelo saw Kirk approaching the Unimart and recognized him as the man who had robbed him twice before. Kirk saw the two men in the store and ran toward Dahlia Drive. Angelo called the police while Baldwin ran in search of a police officer. As Angelo ran out of the store, he saw Kirk in a car. Baldwin also saw Kirk. Angelo and Baldwin flagged down a policeman, who pursued Kirk. After a high speed chase, Kirk was stopped. The officer searched Kirk's car and found the handgun. At the scene of the stop, Angelo identified Kirk as the man who had robbed him twice and who had been at the store minutes before.

Prior to trial, Kirk moved the trial court to sever the charges for trial and to hold five separate trials, one trial for each robbery and related firearm charge and one trial for each charge of possession of a firearm while a convicted felon. The trial court denied the motion, holding that the charges were sufficiently connected to warrant consolidation under Rules 3A:10(c) and 3A:6(b).

At trial over Kirk's objection, his probation officer testified that Kirk was aware he could not own, use, or possess a firearm. Kirk himself testified on direct examination that he had been convicted of five felonies and that he had bought the gun from a friend to avoid a criminal records check.

At trial, Kirk called several alibi witnesses, one of whom was Claude Baldwin. Claude Baldwin testified that Kirk lived with him and had been with him the nights of the robberies. On cross-examination over Kirk's objection, Claude Baldwin admitted he was Kirk's homosexual lover and that he had AIDS. He stated that he wanted Kirk to be with him for moral and financial support.

## II.

Kirk first contends that the trial court violated his due process rights by denying his motion to sever the charges and conduct separate trials pursuant to Rule 3A:10(c). He argues that the two robbery and related firearm charges were not part of a common scheme. He further argues that the three charges of

possession of a firearm while a convicted felon should have been tried separately because evidence of his earlier felony convictions would be admissible in the trial of those offenses, but not in the trials of the robbery and related use of firearm charges. He also argues that the testimony of his probation officer as to his prior convictions was prejudicial and that the prejudice outweighed its probative value.

"A trial court has limited discretion to order an accused to be tried for more than one offense at the same time." Godwin v. Commonwealth, 6 Va. App. 118, 121, 367 S.E.2d 520, 521 (1988).

When an accused is charged with multiple offenses:

> The court may direct that an accused be tried at one time for all offenses then pending against him, if justice does not require separate trials and (i) the offenses meet the requirements of Rule 3A:6(b) or (ii) the accused and the Commonwealth's Attorney consent thereto.

Rule 3A:10(c). Because Kirk did not consent to the joinder of the charges for trial, joinder could be ordered only if the charges met the criteria of Rule 3A:6(b) and justice did not require separate trials.

> Two or more offenses, . . . may be charged in separate counts of an indictment . . . if the offenses are based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan.

Rule 3A:6(b).

The charges against Kirk met the requirements of Rule 3A:6(b) because the offenses charged were part of a "common

- 4 -

scheme." In all three incidents, Kirk approached the same store, on foot, at the same time of night, and from the same direction. During the two robberies, he used the same handgun, made similar demands for money, and threatened the clerk not to follow upon exiting the store.

Justice did not require separate trials for the two robbery and related firearm charges. The only issue in dispute was the identity of the perpetrator. Evidence of each robbery and accompanying firearm charge would have been admissible in the trial of the other to prove the identity of the perpetrator. See Spencer v. Commonwealth, 240 Va. 78, 89, 393 S.E.2d 609, 616, cert. denied, 498 U.S. 408 (1990). "'Other crimes' evidence bearing sufficient marks of similarity to the case on trial to establish the probability of a common perpetrator is, therefore, usually relevant. . . . 'Whenever the legitimate probative value outweighs the incidental prejudice to the accused, evidence of prior offenses, . . . is admissible.'" Id. at 90, 393 S.E.2d at 616-17.

Neither did justice require that the charges of possession of a firearm while a convicted felon be tried separately. Kirk was charged with possessing a firearm as a felon on October 12, October 23, and November 10, 1993. The only proof of Kirk's possession of the handgun on October 12 and 23 was the testimony of the Unimart clerk who had been robbed by Kirk. The evidence of the robberies was thus admissible to prove Kirk possessed a

firearm on those occasions.  See Tuggle v. Commonwealth, 228 Va. 493, 506-07, 323 S.E.2d 539, 546-47 (1984), vacated on other grounds, 471 U.S. 1096 (1985).

Furthermore, as this case developed, the trial court committed no reversible error in admitting evidence of Kirk's prior felony convictions in his trial for the robberies and the accompanying use of firearm charges.  Because that evidence was admissible, all of the evidence relating to the charges of possession of a firearm while a convicted felon was relevant and admissible with respect to the robbery and accompanying firearm charges.  Thus, in this case, justice did not require severance of the charges of possession of a firearm while a convicted felon.  We have heretofore held to the contrary in cases that are distinguishable from this.  See Johnson v. Commonwealth, 20 Va. App. 49, 455 S.E.2d 261 (1995); Long v. Commonwealth, 20 Va. App. 223, 456 S.E.2d 138 (1995).

Johnson was charged with possession of cocaine and possession of a firearm after having been convicted of a felony.  The circumstances of his possession of cocaine charge were not such that his prior felony conviction was probative or otherwise admissible.  Holding that justice required separate trials and that the trial court erred in denying severance, we said:
> To prove the charge of possession of a firearm after being convicted of a felony, the Commonwealth was required to prove that Johnson was a convicted felon. Thus with respect to that charge, the trial court was obliged to receive evidence of Johnson's prior criminal record.  However, that evidence bore no relevance and had no probative value with respect to the charges

> relating to possession of cocaine. With respect to those charges, it served merely the purpose of prejudicing Johnson in the eyes of the jury, by suggesting to their minds that he had a criminal propensity.

Johnson, 20 Va. App. at 56, 455 S.E.2d at 265.

Long was charged with possession of heroin, possession of a firearm while in possession of heroin, and possession of a firearm after having been convicted of a felony. Again, the circumstances of his trial on the first two charges were such that his prior felony conviction had no relevance or probative value. Holding that justice required severance of the third charge, we said:

> Evidence of Long's prior felony conviction would not have been admissible in a trial on the possession of heroin and firearm/heroin possession charges, unless Long put his character or credibility in issue.

Long, 20 Va. App. at 226, 456 S.E.2d at 139.

Kirk testified, thus putting his character and credibility at issue[1]. His prior felony convictions thereby became relevant and admissible for impeachment purposes. Furthermore, Kirk himself testified, on direct examination, that he had been convicted of five prior felonies. Although the general rule, enunciated in Johnson and Long, requires severance when proof of one charge requires introduction of evidence that is irrelevant and prejudicial in the trial of another, the development of this case rendered harmless any error that may initially have occurred

---

[1]Nothing in the record suggests that Kirk's election to testify was tied to the denial of his severance motion.

in the denial of Kirk's motion to sever the charges of possession of a firearm while a convicted felon.  Justice does not require exclusion of evidence that is probative of the central issue on trial and that the accused himself chooses to interject.  Furthermore, the trial court instructed the jury to consider Kirk's prior felony convictions only in relation to his credibility and to the charges of possession of a firearm while a convicted felon.  The jury is presumed to have obeyed this instruction.  See Jennings v. Commonwealth, 20 Va. App. 9, 19, 454 S.E.2d 752, 756 (1995).

### III.

Kirk next contends that the trial court erred in admitting testimony from Claude Baldwin, an alibi witness, that he was Kirk's homosexual lover and had contracted AIDS.  Kirk argues that this evidence caused the jury to focus on an irrelevant and controversial subject.  He further argues that the prejudicial nature of the evidence significantly outweighed its probative value on the issue of Baldwin's bias.  He cites Jones v. United States, 625 A.2d 281 (D.C. 1993), in support of his contention that "'[e]vidence of homosexuality has an enormous proclivity for humiliation and degradation' and, thus, poses a high risk of prejudicial impact on a jury."  Id. at 284.

> It is always open to a party to undertake a demonstration of the bias or testimonial motivation . . . of one who testifies for his adversary.  "Such an effort . . . may properly solicit . . . information of potential value to the trier of fact in the assessment of credibility."  Evidence of

- 8 -

homosexuality is no exception . . . .

*Tinker v. United States*, 417 F.2d 542, 544, <u>cert.</u> <u>denied</u>, 396 U.S. 864 (1969).  The trial court weighed the evidence of Baldwin's being Kirk's homosexual lover and of his illness with AIDS.  It found that the probative value of this witness's bias outweighed the prejudicial impact.  "The responsibility for balancing these competing considerations is largely within the sound discretion of the trial judge.  And . . . will not be disturbed on appeal absent a clear abuse of discretion."  <u>Coe v. Commonwealth</u>, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986).  We find no abuse of discretion in this ruling.

"[O]n cross-examination great latitude is allowed . . . . [T]he general rule is that anything tending to show the bias on the part of a witness may be drawn out."  <u>Henning v. Thomas</u>, 235 Va. 181, 188, 366 S.E.2d 109, 113 (1988).  The nature of Kirk's relationship with Claude Baldwin was relevant to the witness's testimonial motivation.

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>