COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia


RICHARD BACKUS, III
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1558-95-1           CHIEF JUDGE NORMAN K. MOON
                                         JUNE 25, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    William F. Rutherford, Judge

            James O. Broccoletti (Zoby & Broccoletti,
            P.C., on brief), for appellant.

            Michael T. Judge, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.



     Richard Backus appeals his convictions of two counts of

possession with intent to distribute heroin, one count of

possession with intent to distribute cocaine and possession of a

firearm while in possession of a controlled substance.  Backus

argues that the trial judge erred in failing to dismiss the

charges against him pursuant to Code § 19.2-243, the speedy trial

statute, and also in failing to sever the second charge of

possession of heroin with intent to distribute from the other

charges.  We reverse on the ground that the trial court erred in

failing to grant the motion to sever.

     On October 14, 1994, Detective Scott Eicher received a tip

from an unknown informant.  Based on the information he received,

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Eicher and his partner, Investigator Kaye, went to an intersection located within Grandy Village, a housing project in Norfolk. They were looking for a black male wearing a green jumpsuit and a black hat. They saw Backus, dressed as the informant had described, standing next to some bushes and talking with another man who had currency in his hand.

The detectives approached Backus and asked to speak with him. Backus agreed. While Eicher and Backus were talking, Kaye searched the bushes where Backus had been standing, and found a potato chip bag with two pill bottles inside. One of the bottles contained bags of cocaine, and the other bags of heroin. A search of Backus produced a set of car keys, a pager, and $250 in cash. After arresting Backus, Eicher obtained a search warrant for Backus' car, which was parked nearby. Inside the car's trunk, Eicher found 270 glassine bags of heroin, a pistol, and a bag containing $508. Backus' fingerprint was found on the magazine of the pistol. After Backus' arrest, he was released on bond.

On January 3, 1995, Investigators Bory and Hoggard of the Norfolk police were conducting surveillance in the same block where Backus had been arrested previously. Bory observed Backus on a bicycle, receiving money from people in cars and handing them something in exchange. Hoggard approached Backus, identified himself as a police officer, and ordered Backus to stop. Backus fled on his bicycle, but Hoggard caught and

arrested Backus. Hoggard found 12 glassine envelopes containing heroin fastened to the bike reflector with rubber bands.

On March 1, 1995, the grand jury indicted Backus on all charges related to the October 14, 1994 and January 3, 1995 incidents.

Also on March 1, 1995, the parties executed a scheduling order that was approved by the trial judge, which set all charges for trial on April 6, 1995. The order stated that Backus requested a trial by the court without a jury. All motions were to be filed by March 24, 1995 and were to be heard on or before March 31, 1995. On March 5, 1995, Backus filed motions to suppress, for discovery and inspection, and for disclosure of the identity of the confidential informant. He did not notice the motions for hearing on or before March 31 as directed by the scheduling order, but instead noticed them for hearing on April 6, the trial date.

On April 6, 1995, the trial judge heard and ruled on the motions to suppress and the motion for disclosure. On that date, defense counsel indicated that Backus was now requesting a jury trial and stated that it was necessary to pick a trial date. The trial judge inquired whether the charges would be tried together or separately, to which defense counsel responded that they would be tried separately. The trial judge then stated that it would be necessary to set two trial dates, but set only one, May 8, 1995. Backus did not object to this date.

On May 8, 1995, the parties appeared for trial.  A witness for the Commonwealth, who had been subpoenaed, did not appear and the Commonwealth requested a continuance.  The trial court granted a continuance to July 6, 1995 over Backus' objection.  On July 5, 1995, Backus filed a motion to dismiss, asserting that the Commonwealth had not complied with the five month requirement of Code § 19.2-243.  On the same date, he filed a motion to sever trial on the January charge from the trial on the October charges.  On July 6, 1995, the trial court denied the motions, and the trial took place as scheduled.  Backus acknowledges that his speedy trial claim does not apply to the charge on direct indictment for possession of cocaine with intent to distribute.

MOTION TO SEVER

Backus contends that the trial court erred in denying his motion to sever.  The Commonwealth claims that Backus waived this argument because Backus consented to joinder of the offenses, see Rule 3A:10(c), and because he filed his motion to sever too late. We disagree.

The scheduling order executed by the parties applied to all charges, and called for trial on April 6, 1995.  As noted, trial did not take place on that date, but instead motions were argued, and trial was rescheduled.  Backus' counsel requested separate trials on the charges, and the trial court appeared to concur by setting the first trial date for May 8, 1995.  While Backus did not file a written motion to sever until the day before trial, we

- 4 -

find the delay was caused by the trial court having granted defense counsel's request for separate trials.  In these circumstances, Backus had not waived his argument concerning the motion to sever.

The trial court had limited discretion to order that Backus be tried concurrently for multiple offenses.  Kirk v. Commonwealth, 21 Va. App. 291, 295, 464 S.E.2d 162, 164 (1995) (citations omitted).  Rule 3A:10(b) provides that all offenses pending against an accused may be tried at one time "if justice does not require separate trials and . . . the offenses meet the requirements of Rule 3A:6(b)."  Under Rule 3A:6(b), joinder of offenses is permissible if, inter alia, they are based on two or more acts or transactions that are connected or constitute parts of a common scheme or plan.  See Satcher v. Commonwealth, 244 Va. 220, 229, 421 S.E.2d 821, 827 (1992).

In Spence v. Commonwealth, 12 Va. App. 1040, 407 S.E.2d 916 (1991), on facts similar to those of this case, we held that the trial court erred in denying the motion to sever because the drug sales in the same area on different dates were not part of the same transaction, were not connected transactions, and did not constitute parts of a common scheme or plan.  In so holding, we relied on Boyd v. Commonwealth, 213 Va. 52, 189 S.E.2d 359 (1972).  This case is controlled by Spence and Boyd.  Under those cases, the requirements for joinder under Rule 3A:6(b) were not met, and the trial court therefore erred in denying Backus'

motion to sever.

RIGHT TO A SPEEDY TRIAL

Under Code § 19.2-243, an incarcerated accused held continuously in custody shall be brought to trial within five months after a general district court finds probable cause to believe that the defendant has committed a crime. Norton v. Commonwealth, 19 Va. App. 97, 99, 448 S.E.2d 892, 893 (1994). If a defendant is not tried within the five-month period, the burden is on the Commonwealth to explain the delay. Godfrey v. Commonwealth, 227 Va. 460, 463, 317 S.E.2d 781, 783 (1984). Delays attributed to the defendant are not considered in computing compliance with the statute. Jones v. Commonwealth, 13 Va. App. 566, 570, 414 S.E.2d 193, 195 (1992). In assessing responsibility for delay in trying a defendant, we limit our review to the record before us. Cantwell v. Commonwealth, 2 Va. App. 606, 611, 347 S.E.2d 523, 525-26 (1986).

Here, the Commonwealth exceeded the five-month deadline by less than a week. This delay did not violate Code § 19.2-243, because Backus was responsible for the continuance from the original trial date until May 8. According to the scheduling order, Backus was to set all motions for hearing on or before March 31, 1995. He did not do so, but instead set them for the date of trial. After argument on the motions, Backus did not attempt to proceed with trial, but instead asked for a later trial date--in effect moving for a continuance. The trial court

- 6 -

granted his request.

Backus argues that the delay was necessitated by the trial court's consideration of his pretrial motions, a delay that cannot be attributed to the defendant, and that the court itself continued the matter.  We agree that under Code § 19.2-243, routine and customary motions, including motions to suppress, are to be disposed of within the five-month period.  Adkins v. Commonwealth, 13 Va. App. 519, 523, 414 S.E.2d 188, 190 (1992).  However, the record does not show that the court's consideration of the motions was responsible for the delay in scheduling the trial.  The motions were not lengthy or complex, and the trial court disposed of them orally after hearing argument.  Instead, the record indicates that the delay was caused by Backus' action in scheduling the motions for the day of trial, and then requesting a new trial date.  Backus' actions necessitated a delay in the commencement of the trial, and therefore the Commonwealth did not violate his right to a speedy trial. Godfrey, 227 at 463, 317 S.E.2d at 783.

The defendant's convictions are reversed and the case is remanded for new trials, if the Commonwealth be so advised.

Reversed and remanded.