COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick,[*] Judge Elder and
          Senior Judge Duff
Argued at Alexandria, Virginia

HEP BUI
                                    MEMORANDUM OPINION[**] BY
v.   Record No. 1608-96-4            JUDGE CHARLES H. DUFF
                                       DECEMBER 30, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Robert W. Wooldridge, Jr., Judge

           Rachel A. Daum (Peter D. Greenspun &
           Associates, P.C., on briefs), for appellant.

           Kathleen B. Martin, Assistant Attorney
           General (Richard Cullen, Attorney General, on
           brief), for appellee.



     Hep Bui, appellant, was convicted by a jury of robbery.  In

this appeal, we must decide whether the trial court erred in

admitting evidence regarding the Tri Binh Nguyen group and

appellant's unrelated prior acts with the group.  We hold that

because appellant failed to object to questioning of defense

witnesses regarding the Tri Binh Nguyen group, this issue in not

properly before us.  Moreover, the trial court did not err by

allowing the prosecutor to present rebuttal evidence concerning

the group to impeach appellant's alibi witnesses.  Accordingly,

we affirm.

---

[*]On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

[**]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

Background

On October 28, 1995, twelve-year-old Steven Thach was watching television when appellant knocked on his apartment door. When Thach asked who was there, appellant responded, "Mike." Thach opened the door, and appellant said, "I have something for your mom. Can you hold it?" As Thach agreed to hold the package, appellant pushed Thach down, held a gun to his head, and said, "Don't move or I'll blow your head off." Appellant took Thach into the bathroom, bound and gagged him, and put a mask over Thach's head.

Thach heard appellant and three or four other men speaking Vietnamese, Cambodian, and Spanish while they ransacked the apartment. Thach heard the word "Sago," the name of Thach's mother's ex-boyfriend and the father of Thach's baby brother. Appellant and his companions stole ten bottles of wine, jewelry, two cameras, a cellular telephone, and a VCR.

Appellant filed a motion in limine to preclude the Commonwealth from admitting or referring to evidence of appellant's similar cases and to appellant's gang affiliations, arguing that this information had no probative value, or that any probative value was outweighed by the prejudicial value. In a hearing on that motion, the court ruled that questions regarding "gang" membership would be relevant to the witnesses' credibility, but agreed to deal with the issues "one by one" as

they arose.[1]

During the trial, the prosecutor cross-examined Lan Cao, Hoang Le, and Hung Pham about their knowledge of the Tri Binh Nguyen group. Appellant did not object to these questions. These witnesses denied any knowledge of the group. During cross-examination, Le Huu Le testified that neither he nor appellant associated with this group, and he denied knowledge of incidents involving the group at Café Lien and at Eden Center. Appellant did not object to these questions.

The trial court then called a recess and asked how these inquiries were relevant to the case. The prosecutor explained that she intended to show that the witnesses were biased. The court allowed the prosecutor to continue this line of questioning, and again noted that there had been no objection upon which he could rule. The trial judge said he would consider appellant's comments during the discussion as an objection. At this point, appellant asked for a continuing objection to this line of questioning.

Le Huu Le continued his testimony, acknowledging that he had been at the Willston complex in August of 1995 when Detective Edgar Lancaster arrived. Le Huu Le denied that the Willston complex was a "hangout pad" for the Tri Binh Nguyen group and

---

[1]The record reflects that the trial judge exercised commendable care to insure that the evidence was sanitized so as to avoid the use of inflammatory language; e.g., he directed that the word "group" replace "gang."

3

denied that he had ever heard of "Tri's boys."

The prosecutor called Lancaster as a rebuttal witness. In response to appellant's objection, the trial judge stated that he assumed that the prosecutor was using Lancaster to impeach defense witnesses' testimony who, without objection, had testified that they had no knowledge of the Tri Binh Nguyen group. Appellant's counsel agreed that such testimony was appropriate regarding the witnesses, but argued that it was inappropriate as to appellant. The trial court ruled that "if the Defendant calls as a witness on his behalf someone with whom the Commonwealth believes the Defendant has a relationship that may affect that witness's willingness to tell the truth, I think the Commonwealth, as any party would be, is entitled to go into that."

Lancaster testified that he was familiar with the Tri Binh Nguyen group through his police work. Lancaster knew Le Huu Le and observed him with appellant and others at Eden Center, Café Lien, and the Willston complex. Lancaster knew from police reports, personal observations, informants, and other sources that Le Huu Le associated with the Tri Binh Nguyen group.

## Analysis

"In order to be considered on appeal, an objection must be timely made and the grounds stated with specificity. Rule 5A:18. To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made."

4

*Marlowe v. Commonwealth*, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986) (citation omitted).

On appellant's motion in limine, the court ruled that the evidence regarding the Tri Binh Nguyen group could be appropriate regarding a witness' credibility, but that the court would deal with this issue as it arose during trial. However, appellant did not object when the prosecutor asked each of four defense witnesses whether he or she had any knowledge of the Tri Binh Nguyen group. Each of these witnesses denied any knowledge of the Tri Binh Nguyen group. Accordingly, Rule 5A:18 bars our consideration on appeal of whether the trial court erred in admitting evidence of the Tri Binh Nguyen group. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Moreover, the Commonwealth was entitled to refute appellant's alibi by showing that the alibi witnesses were not worthy of belief. "The bias of a witness, based on a previous relationship with a party to the case, is always a relevant subject of cross-examination." *Goins v. Commonwealth*, 251 Va. 442, 465, 470 S.E.2d 114, 129, cert. denied, 117 S. Ct. 222 (1996). See *Kirk v. Commonwealth*, 21 Va. App. 291, 298-99, 464 S.E.2d 162, 166 (1995) (because opponent can elicit "anything tending to show the bias" of a witness, evidence that defendant's alibi witness was his homosexual lover was admissible to establish witness' motive for testifying). Where evidence of

specific acts of misconduct "is relevant to show that a witness is biased or has a motive to fabricate, it is not collateral and should be admitted." Banks v. Commonwealth, 16 Va. App. 959, 963-64, 434 S.E.2d 681, 683-84 (1993). Therefore, attacking the credibility of the alibi witnesses by demonstrating their bias in favor of appellant was permissible impeachment.

Alibi witness Le Huu Le had denied any knowledge of the incident at Café Lien or at Eden Center. He admitted being present at the Willston complex incident, but denied that the area was frequented by the Tri Binh Nguyen group. Le Huu Le denied meeting appellant through that group or that he or appellant associated with members of that group. The trial court did not err in allowing Lancaster to testify that he had observed Le Huu Le and appellant at specific times at the three specific places. The trial court did not err in admitting evidence of appellant's relationship with his alibi witness and the Tri Binh Nguyen group at Eden Center, Café Lien, and the Willston complex.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.