# CIRCUIT COURT OF CULPEPER COUNTY

Commonwealth of Virginia

   v.

John Patrick Walsh, Jr.

September 25, 2003

Case No. CR03000148-01-07

BY JUDGE EDWARD L. HOGSHIRE

The Court has considered the motion made by defendant John Patrick Walsh, Jr., to sever Counts 4 and 7 of the Indictment in the above-captioned matter. After due consideration of applicable law, oral arguments, and arguments presented in memoranda, this Court grants the motion.

*Issues*

Do Counts 4 and 7 meet the requirements of Virginia Supreme Court Rule 3A:6(b)? If they do not, are they nevertheless admissible prior bad acts?

*Statement of Facts*

On April 21, 2003, the automobile that Defendant was operating overturned and struck a tree. This accident resulted in the death of two passengers in Defendant's vehicle. Defendant had a suspended driver's license and did not have proper registration or insurance for the vehicle. On June 21, 2003, Defendant was indicted on seven counts, including two charges of involuntary

manslaughter in violation of § 18.2-36 of the Code of Virginia in connection with the deaths of his two passengers ("Count 1" and "Count 2"), reckless driving in violation of § 46.2-852 of the Code of Virginia ("Count 3"), driving on a suspended license in violation of § 46.2-301 of the Code of Virginia ("Count 4"), unlawfully operating a motor vehicle with improper registration in violation of § 46.2-613 ("Count 5"), failing to secure a child less than sixteen years old in a seatbelt in violation of § 46.2-1095 ("Count 6"), and operating a motor vehicle on the highway knowing that fees had not been paid to the Commission in violation of § 46.2-707 of the Code of Virginia ("Count 7").

On August 5, 2003, Defendant filed a Motion to Sever Counts 4, 5, and 7 from Counts 1, 2, 3, and 6. On August 27, 2003, the Court granted the Defendant's Motion to Sever Count 5. The Court also invited counsel for both parties to submit additional memoranda on the issue of whether to sever Counts 4 and 7.

## Analysis

Under the pertinent portions of Virginia Supreme Court Rule 3A:10, the Court has discretion to direct that an accused be tried at one time for all offenses then pending against him if justice does not require separate trials and the offenses meet the requirements of Supreme Court Rule 3A:6(b). In the case at bar, Counts 4 and 7 do not meet the requirements of Virginia Supreme Court Rule 3A:6(b), which provides:

> Two or more offenses, any of which may be a felony or misdemeanor, may be charged in separate counts of an indictment or information if the offenses are based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan.

Va. Sup. Ct. R. 3A:6 (2003). The "connected" test of Rule 3A:6(b) is that the crimes should be "so intimately connected and blended with the main facts adduced in evidence that they cannot be departed from with propriety." *Spence v. Commonwealth*, 12 Va. App. 1040, 1044, 407 S.E.2d 916, 918 (1991) (quoting *Kirkpatrick v. Commonwealth*, 211 Va. 269, 273, 176 S.E.2d 802, 806 (1970)). The *Spence* court found that four sales of cocaine did not meet this test because the transactions occurred on different days and "no

evidence linked or connected one sale with the other." *Spence*, 12 Va. App. at 1044, 407 S.E.2d at 918.

The connection between all of the Counts at issue here is insufficient because Counts 4 and 7 are strict liability offenses and relate only to the fact that the Defendant operated the vehicle at all. As defense counsel states, the Defendant could have been charged with Counts 4 and 7 the moment he pulled out of his driveway. Mem. in Support at 5.

In contrast, Counts 1, 2, and 3 are not based on the simple act of driving; those Counts relate to the *manner* in which Defendant operated a motor vehicle. Va. Code § 46.2-852 states that "any person who drives a vehicle on any highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of any person shall be guilty of reckless driving." In *King v. Commonwealth*, the court defined involuntary manslaughter in the operation of a motor vehicle as "the accidental killing which, although unintended, is the proximate result of negligence so gross, wanton, and culpable as to show a reckless disregard of human life." 217 Va. 601, 607, 231 S.E.2d 312, 316. The court held that the accident resulting in death must be the result of the culpable conduct and that the mental state must relate to the driving conduct of the defendant. *Id.* Evidence to support Counts 4 and 7 bears neither on the mental state nor driving conduct of the Defendant. In fact, no evidence, other than the fact that the Defendant drove a motor vehicle, links these separate counts in the indictment.

The counts in the indictment also do not constitute parts of a common scheme or plan. "A common scheme or plan is present only if the relationship among offenses … is dependent upon the existence of a plan that ties the offenses together and demonstrates that the objective of each offense was to contribute to the achievement of a goal not obtainable by the commission of any of the individual offenses." *Spence*, 12 Va. App. at 1044, 407 S.E.2d at 918 (ellipsis in original; quotation omitted). This is clearly not applicable to the situation in this case.

The Commonwealth argues that, even if another crime is not inextricably linked with the offense on trial, evidence of another crime may be introduced for the purpose of establishing the feelings of the accused toward his victim. *Shifflett v. Commonwealth*, 29 Va. App. 521, 513 S.E.2d 440 (1999). However, to be admissible, the "prior crime or bad act must be shown to have a causal relation or logical and natural connection with the crime charged, or alternatively, the two acts must form parts of the same transaction." *Shifflett*, 29 Va. App. at 529, 513 S.E.2d at 444 (citing *Guill v. Commonwealth*, 255

Va. 134, 140, 495 S.E.2d 489, 492-93 (1998)). The Commonwealth argues that evidence of Counts 4 and 7 can be used to prove Defendant's disregard for the safety of the other passengers in the vehicle, in that the Defendant's "act of placing the vehicle on the highway set in motion the process that caused the other events." Mem. in Opp. at 3. However, this connection is too tenuous; the act of driving on a suspended license and without proper insurance itself did not cause the accident and has no logical connection to the manner in which the Defendant drove.

Further, evidence of prior bad acts is not admissible if the prejudice to the Defendant would outweigh its probative value. *Shifflett*, 29 Va. App. at 529, 513 S.E.2d at 444 (citing *Woodfin v. Commonwealth*, 236 Va. 89, 95, 372 S.E.2d 377, 381 (1988)). Here, knowledge that the Defendant had a suspended license and had no insurance would clearly be prejudicial. The jury would naturally conclude that the Defendant was a bad driver and was a regular violator of state driving laws and would also speculate as to the nature of his previous driving offenses.

## Conclusion

Counts 4 and 7 do not fall within the ambit of Virginia Supreme Court Rule 3A:6(b), nor are they admissible as prior bad acts because there is no logical or causal connection between these counts and Counts 1, 2, 3, and 6 of the Indictment. Further, prejudice to the Defendant would far outweigh any probative value. Accordingly, the Defendant's Motion to Sever Counts 4 and 7 is granted.