# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Commonwealth of Virginia

 v.

Derreak Lamonte McMillian

August 28, 2008

Case Nos. CR07-2291; CR07-2292; CR07-2310

BY JUDGE V. THOMAS FOREHAND, JR.

This matter is before the Court on defendant's Motion to Exclude Evidence of Other Crimes and Motion to Sever filed on July 21, 2008, at 2:14 p.m., and on the Commonwealth's Motion to Introduce "Other Crimes" Evidence filed at 2:37 p.m. on the same day. On August 11, 2008, the Court heard oral arguments of counsel and a proffer by the Commonwealth of the alleged evidence in the three instant charged offenses and of the proposed "other crimes" evidence the Commonwealth seeks to introduce at trial.

The defendant is charged with first-degree murder, use of a firearm in the commission of a felony, and grand larceny of a commercial dump truck. The Commonwealth seeks to offer evidence during their case in chief that the defendant has been convicted six times of grand larceny of semi-trailer trucks ("tractor-trailers") (Com.'s Mot. to Introduce Evid. ¶ 2.) Additionally, the Commonwealth seeks to present evidence of charges currently pending in North Carolina, for which the defendant has not been tried, which involve stealing and burning several tractor-trailers. (Com.'s Mot. to Introduce Evid. ¶ 3.) The defendant asserts that all evidence of other crimes should be excluded from the trial and further asserts that, "if the Court elects not to exclude evidence regarding prior crimes at defendant's trial, the Court should sever the grand larceny charge from the charges of murder and use of a firearm in the commission of a murder as the latter two charges are in no way related in any fashion to Defendant's prior convictions." (Def.'s Mot. to Exclude ¶ 7.)

"The general rule is well established that, in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged." *Kirkpatrick v. Commonwealth*, 211 Va. 269 272, 176 S.E.2d 802, 805 (1970). In further explanation of the general rule, the Supreme Court has stated that "such evidence implicating an accused in other crimes unrelated to the charged offense . . . may confuse the issues being tried and cause undue prejudice to the defendant." *Rose v. Commonwealth*, 270 Va. 3, 10, 613 S.E.2d 454, 457 (2005) (quoting *Commonwealth v. Minor*, 267 Va. 166, 171, 591 S.E.2d 61, 65 (2004)). However, there are recognized exceptions to the general principle:

> Evidence of other offenses is admitted if it shows the conduct and feeling of the accused toward [the] victim . . . or if it tends to prove any relevant element of the offense charged. Such evidence is permissible in cases where the motive, intent, or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial. Also, testimony of other crimes is admissible where the other crimes constitute a part of the general scheme of which the crime charged is a part.

*Id.* (quoting *Minor*, 267 Va. at 172, 591 S.E.2d at 65).

Evidence of other crimes is also admissible "if such evidence is relevant to show the perpetrator's identity when some aspects of the prior crime[s] are so distinctive or idiosyncratic that the fact finder reasonably could infer that the same person committed both crimes." *Id.* (quoting *Minor*, 267 Va. at 174, 591 S.E.2d at 66); *see Guill v. Commonwealth*, 255 Va. 134, 138–39, 495 S.E.2d 489, 491 (1998); *Spencer v. Commonwealth*, 240 Va. 78, 90, 393 S.E.2d 609, 616 (1990), *cert. denied*, 498 U.S. 908 (1990). When such evidence is offered to prove identity, "the prior crime does not have to be a 'signature' crime; however, it must show 'a singular strong resemblance to the pattern of the offense charged'." *Ortega v. Commonwealth*, 31 Va. App. 779, 785, 525 S.E.2d 623, 626 (2000) (quoting *Spencer*, 240 Va. at 90, 393 S.E.2d at 616).

Before evidence of other crimes is admissible under any of the aforementioned exceptions, "it is subject to the further requirement that the legitimate probative value of the evidence must exceed the incidental prejudice to the defendant." *Rose*, 270 Va. at 11, 613 S.E.2d at 458.

Recently in *Kinnard v. Commonwealth*, the Court of Appeals of Virginia held that three burglaries had "common idiosyncratic characteristics," where similarities among the burglaries existed in time, manner, proximity, type of property stolen, and types of businesses targeted. In *Kinnard*, the burglaries all occurred in strip malls in close proximity and within days of each other, and, in each instance, the perpetrator broke through windows or doors at night after the shops had closed and stole, not just money, but the entire cash register. *Kinnard v. Commonwealth*, 2008 Va. App. LEXIS 340, at *6 (Va. App. July 22, 2008) (unpublished opinion). "Although an unpublished opinion of the Court [of Appeals] has no precedential value . . . a court . . . does not err by considering the rationale and adopting it to the extent it is persuasive." *Fairfax County Sch. Bd. v. Rose*, 29 Va. App. 32, 39, n. 3, 509 S.E.2d 525, 528, n. 3 (1999) (en banc).

In the instant case, the Commonwealth's proffered evidence described a series of similarities among the defendant's six convictions and two pending charges that they seek to introduce at trial: (1) the six convictions of grand larceny all occurred either in the City of Portsmouth or in the City of Chesapeake; the pending charges in North Carolina also have connections to Chesapeake and Portsmouth; (2) the six convictions and the pending North Carolina charges all involve stolen commercial tractor-trailer trucks; (3) in all of the convictions and charges, the defendant appears to have been motivated primarily by thrill; that is, the trucks were stolen essentially for the purpose of joyriding; (4) in all of defendant's convictions, the trucks were stolen from places of business during the nighttime; (5) in defendant's two most recent convictions, the defendant drove over fences with the trucks in order to remove them from the businesses; (6) In defendant's two pending North Carolina charges he is alleged to have set fire to two of the tractor-trailers. The defendant argues that a dump truck is not sufficiently similar to tractor-trailer type trucks to warrant admission of the prior crimes evidence at trial; the Court disagrees. The Court is of the opinion that a dump truck is sufficiently similar to tractor-trailer trucks, given the instant circumstances, as both types of trucks are large, heavy, typically multi-axled commercial vehicles.

The Court is of the opinion that the circumstances of the defendant's six convictions and pending North Carolina charges, given the similarities in manner, proximity, and type of property stolen, bear a strong resemblance to the grand larceny charged in this trial and are sufficiently idiosyncratic that a finder of fact reasonably could infer that the same person committed the crimes. The Court is further of the opinion that the legitimate probative value of the evidence outweighs the incidental prejudice to the defendant. "The prejudicial effect of the evidence of other crimes [may be] limited by the

instructions of the court to the jury . . . [delimiting] the jury's use of the evidence to that which [is] permissible and prohibit[ing] its use for any other purpose." *Winston v. Commonwealth*, 32 Va. App. 864, 872, 531 S.E.2d 59, 63 (2000); *see Solesbee v. Commonwealth*, 2007 Va. App. LEXIS 411, at *9 (Va. App. Nov. 13, 2007) (unpublished opinion) ("[T]he trial court cautioned the jury that it could 'consider evidence that the defendant committed offenses other than the offense for which he is on trial only as evidence of the defendant's identity in connection with the offense for which he is on trial and for no other purpose'.").

The defendant's Motion to Exclude Evidence of Other Crimes and Motion to Sever request that the Court sever defendant's grand larceny charge from the charges of murder and use of a firearm on the ground that the latter two charges are "in no way related" to the grand larceny charge. (Def.'s Mot. to Exclude ¶ 7.)

Rule 3A:10(c) of the Rules of the Supreme Court of Virginia permits the trial of multiple offenses committed by one defendant. The rule provides: "The court may direct that an accused be tried at one time for all offenses then pending against him, if justice does not require separate trials and (i) the offenses meet the requirements of Rule 3A:6(b) or (ii) the accused and the Commonwealth's attorney consent thereto." Rule 3A:6(b) provides: "Two or more offenses, any of which may be a felony or misdemeanor, may be charged in separate counts of an indictment or information if the offenses are based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan." The " 'connected' test of Rule 3A:6(b) is that the crimes should be 'so intimately connected and blended with the main facts adduced in evidence that they cannot be departed from with propriety'." *Commonwealth v. Walsh*, 62 Va. Cir. 511, 512 (Culpeper 2003) (quoting *Spence v. Commonwealth*, 12 Va. App. 1040, 1044, 407 S.E.2d 916, 918 (1991)); *see Brown v. Commonwealth*, 37 Va. App. 507, 515, 559 S.E.2d 415, 419 (2002); *Kinnard*, 2008 Va. App. LEXIS 340, at *6) (unpublished opinion).

The evidence proffered by the Commonwealth alleges that the defendant was driving the stolen dump truck when it was spotted by Clarence Darden, the murder victim, who recognized that the truck should not have been on the road at night. Mr. Darden verified with the truck's owner that there was no reason for the truck to be on the road at that time; he then followed the truck until it pulled into a truck stop. At that time, Mr. Darden allegedly confronted the defendant, at which time the defendant allegedly shot and killed Mr. Darden. Based on the proffered evidence, the charged offenses meet the requirements of Rule 3A:6(b) for a single trial in that the

Commonwealth has sufficiently shown that the crimes are "so intimately connected and blended with the main facts adduced in evidence that they cannot be departed from with propriety." Not only was the defendant still in possession of the stolen dump truck at the time of the murder, the entire reason that Mr. Darden was at the scene was because of the truck.

The Court is further of the opinion that justice does not require the defendant to have separate trials. *See Brown*, 37 Va. App. at 515, 559 S.E.2d at 419. The evidence of the charged offenses is so intertwined, that, even if the offenses were tried separately, the evidence of the grand larceny would be admissible in the trial for murder and use of a firearm in the commission of the murder. *See Traish v. Commonwealth*, 36 Va. App. 114, 130, 549 S.E.2d 5, 13 (2001) (holding that justice did not require separate trials).

Therefore, for the foregoing reasons, the Commonwealth's Motion to Introduce "Other Crimes" Evidence is granted and the defendant's Motion to Exclude Evidence of Other Crimes and Motion to Sever are both denied.