COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


SHEILA LYNN SEARS, A/K/A
  SHEILA LYNN SEARS COLEMAN
                                                    MEMORANDUM OPINION* BY
v.        Record No. 2851-07-1                      JUDGE JERE M. H. WILLIS, JR.
                                                          APRIL 28, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                            William H. Shaw, III, Judge

            (William E. Moore, Jr.; Moore & Moore, on brief), for appellant.
            Appellant submitting on brief.

            Eugene Murphy, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        A jury found Sheila Lynn Sears guilty of credit card theft and credit card fraud in violation

of Code §§ 18.2-192 and 18.2-195.  On appeal, she contends the trial court erred in limiting her

cross-examination of her husband, John Coleman, who was the Commonwealth's primary witness

against her.  We affirm the judgment of the trial court.

                                          Facts

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Sears and Coleman were married on April 8, 2006. Coleman paid the household bills using an online banking system. He testified he authorized Sears to use his bank debit card for purchases of groceries and feminine items.

In July 2006, a representative of American Express called Coleman, asking about charges totaling $3,743.56 on a credit card that had recently been issued to him by that company. Coleman said he had no knowledge that such a card had been issued and that he had not made or authorized the purchases in question. Coleman testified he had never applied for an American Express card or authorized anyone to apply for one in his name. When the police questioned Sears about the American Express bill, she acknowledged she had made the charges. Coleman testified he had not spoken with Sears since she had obtained protective orders barring him from the residence they had shared.[1] He stated that he had been "evicted" or "kicked out" of his house. He admitted he had "pushed" Sears during the marriage, but denied "hitting" her.

Out of the presence of the jury, Sears' counsel stated his intention to ask Coleman on cross-examination whether he had raped Sears. He argued that evidence of abuse would tend to prove bias against Sears leading Coleman to fabricate his accusation against her. Noting that Coleman had admitted resentment at being removed from his home by court order and had admitted pushing, though denying hitting, Sears, the trial court ruled that cross-examining him on an unspecified accusation of rape went too far afield and was not shown to affect his credibility. It denied this scope of cross-examination. At no point did counsel proffer a question

---

[1] At trial, the trial court refused to admit into evidence copies of three protective orders that were entered against Coleman. Appellant did not argue a basis for the admissibility of the orders, proffer what she expected the orders to prove, or object to the trial court's ruling. Therefore, appellant did not preserve for appellate review the trial court's decision to exclude the orders. See Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) ("[t]he Court of Appeals will not consider an argument on appeal which was not presented to the trial court").

or what he expected the answer to be. He did not proffer what other evidence he expected to bear on the allegation of rape.

Cassidy Sears, appellant's daughter, testified she visited her mother at least four days per week during Sears' marriage to Coleman. She said she took Sears shopping because Sears did not drive. She said she overheard telephone conversations when Sears called Coleman to tell him she was making purchases with his debit card. Coleman authorized the purchases, but was angry and abusive and ordered Sears not to call him at work. She testified she overheard Coleman authorize Sears to apply for an American Express account in both of their names.

Discussion

The trial court refused to permit Sears to cross-examine Coleman regarding allegations that he had raped her during the marriage. On appeal, she contends this ruling improperly infringed upon her right to demonstrate Coleman's bias against her. She argues that Coleman's prior abuse and hostility toward her demonstrates his inclination to testify untruthfully that he did not authorize her to apply for and use the American Express card.

"An accused has a right to cross-examine prosecution witnesses to show bias or motivation and that right, when not abused, is absolute. The right emanates from the constitutional right to confront one's accusers." Brown v. Commonwealth, 246 Va. 460, 464, 437 S.E.2d 563, 564-65 (1993). "'[O]n cross-examination great latitude is allowed . . . [. T]he general rule is that anything tending to show the bias on the part of a witness may be drawn out.'" Kirk v. Commonwealth, 21 Va. App. 291, 299, 464 S.E.2d 162, 166 (1995) (quoting Henning v. Thomas, 235 Va. 181, 188, 366 S.E.2d 109, 113 (1988)). "The bias of a witness is always a relevant subject of inquiry when confined to ascertaining previous relationship, feeling and conduct of the witness." Henson v. Commonwealth, 165 Va. 821, 826, 183 S.E. 435, 437 (1936).

"Evidence of specific acts of misconduct is generally not admissible in Virginia to impeach a witness' credibility. However, where the evidence . . . is relevant to show that a witness is biased or has a motive to fabricate, it is not collateral and should be admitted." Banks v. Commonwealth, 16 Va. App. 959, 963, 434 S.E.2d 681, 683 (1993) (citation omitted).

To prove its case, the Commonwealth depended primarily upon Coleman's testimony. Sears was entitled to cross-examine Coleman upon any matter demonstrating he had a disposition to hurt her by testifying untruthfully. See Henson, 165 Va. at 826, 183 S.E. at 437. The jury heard that during the marriage, Coleman pushed Sears, verbally abused her, engaged in conduct resulting in protective orders banning him from the marital residence, and was resentful of having been thus removed from his home. The trial court held that Sears had not shown that inquiry into an accusation of rape would demonstrate an incentive or predisposition Coleman to falsify his testimony. In the absence of a proffer of a question, an expected answer, and expected evidence, we cannot say this ruling was error.

Accordingly, we affirm the judgment of the trial court.

Affirmed.