COLEMAN, Judge.
Weldon Bunn was convicted by a jury of grand larceny and sentenced to the maximum punishment of twenty years in the penitentiary. He contends that the trial court erred in its application of the bifurcated sentencing statute, Code § 19.2-295.1, by admitting evidence of three prior convictions for offenses that were committed after the charged offense. Bunn asserts that penal statutes must be narrowly construed and that the trial court’s construction of the statute violates the constitutional prohibition against ex post facto laws. Bunn also contends that the trial court erred in refusing to instruct the jury on the lesser offense of petit larceny and that the evidence is insufficient to support the grand larceny conviction. We find no error and affirm the defendant’s conviction.
I.
Code § 19.2-295.1, which became effective July 1,1994, provides that after a guilty verdict in a jury trial, “a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury.” “At such proceeding, the Commonwealth shall present the defendant’s prior criminal convictions. ...” Code § 19.2-295.1 (emphasis added).
The defendant asserts that because penal statutes are to be construed narrowly against the Commonwealth, Frere v. Commonwealth, 19 Va.App. 460, 464, 452 S.E.2d 682, 685 (1995), the trial court and this Court should construe the phrase, “prior criminal convictions,” to mean convictions obtained pri- or to the date the charged offense was committed. He argues that to construe and apply the statute otherwise would, in effect, give ex post facto application to the statute by allowing *598 his sentence to be based on convictions that could not have been considered for purposes of punishment at the time the charged crime was committed.
We will not construe a penal statute in a manner that requires us to disregard the clear and obvious meaning of the statute. Huddleston v. United States, 415 U.S. 814, 831, 94 S.Ct. 1262, 1271-72, 39 L.Ed.2d 782 (1974). “[The plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction.” Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983). The obvious purpose of Code § 19.2-295.1 is to allow the jury, which will be recommending sentence, to consider the defendant’s most current record of criminal convictions. Nothing in the language or logic of the statute suggests that the legislature intended to limit the jury’s consideration to anything other than the defendant’s complete criminal record. The clear and obvious reading of the statute is that “prior convictions” refers to convictions obtained prior “to the [bifurcated sentencing] proceeding.” See Watkins v. Commonwealth, 229 Va. 469, 331 S.E.2d 422 (1985), cert. denied, 475 U.S. 1099, 106 S.Ct. 1503, 89 L.Ed.2d 903 (1986) (upholding application of bifurcated sentencing statute in death penalty case in which evidence of other crimes committed eight days after charged offense was admitted).
Furthermore, we reject the defendant’s contention that this construction of the statute violates constitutional protections against ex post facto laws. The enactment of Code § 19.2-295.1 and its application in this case do not violate ex post facto protections if the statute
does not punish as a crime an act previously committed, which was innocent when done; nor make more burdensome the punishment for a crime, after its commission; nor deprive one charged with [a] crime of any defense available according to law at the time when the act was committed.
Collins v. Youngblood, 497 U.S. 37, 52, 110 S.Ct. 2715, 2724, 111 L.Ed.2d 30 (1990). Code § 19.2-295.1 as applied in this *599 case does none of these, and, therefore, it is not an ex post facto law.
II.
The defendant contends that the trial court erred by refusing to give a jury instruction on the lesser included offense of petit larceny. “If any credible evidence in the record supports a proffered instruction on a lesser included offense, failure to give the instruction is reversible error.” Brandan v. Commonwealth, 16 Va.App. 408, 411, 430 S.E.2d 563, 564 (1993) (quoting Boone v. Commonwealth, 14 Va.App. 130, 132, 415 S.E.2d 250, 251 (1992)). We are bound by the principle that the accused is entitled, on request, to have the jury instructed on a lesser included offense that is supported by more than a “scintilla of evidence” in the record. Id. In considering whether the evidence requires giving the lesser included instruction, the evidence relevant to the refused instruction must be viewed in the light most favorable to the defendant. Martin v. Commonwealth, 13 Va.App. 524, 526, 414 S.E.2d 401, 401 (1992) (en banc).
The facts pertinent to this issue, and the sufficiency of the evidence issue in Part III, are that sixteen days after someone stole items from David Harlan’s locked car, the police searched Weldon Bunn incidental to his arrest on unrelated charges and found Harlan’s Nationsbank Visa credit card, which had been stolen from the car, “in his [Bunn’s] left inside pocket.” Bunn lived three-tenths of a mile from where the larceny occurred.
Eric Townes, who was arrested along with Bunn, was wearing at the time David Harlan’s leather jacket, which had also been stolen from Harlan’s car. The credit card and jacket were the only two stolen items accounted for from among the twenty-five compact discs, an AT & T phone card, a calculator, a book bag, and an amplifier that were also stolen.
David Harlan testified that the total value of the stolen items was about $500. The evidence showed that after the theft and after Bunn’s arrest, someone had used the stolen AT *600 & T phone card to make calls from northern Virginia and from various places in the United States and Japan.
Code § 18.2-192 provides that credit card theft is grand larceny. Bunn contends, nevertheless, that although possession of recently stolen property warrants the presumption that the person in possession is the thief, the fact finder could have found that he did not steal the credit card, but may have stolen some of the other items that were valued at less than $200. Thus, Bunn argues that the fact finder could have found that he did not steal the credit card, but stole items valued at less than $200.
The argument is not supported by the evidence. Although the fact finder could infer from Bunn’s possession of the recently stolen credit card that he stole all the property from Harlan’s car, at a minimum, the evidence supported the inference that Bunn stole the Visa credit card. No evidence suggests that Bunn selectively stole only some of the items from Harlan’s car that were valued at less than $200. Accordingly, the trial court did not err by refusing to give the jury an instruction on petit larceny.
III.
“Once the crime [of larceny] is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor.” Bright v. Commonwealth, 4 Va.App. 248, 251, 356 S.E.2d 443, 444 (1987). Bunn contends that the “recently stolen” inference should not apply on these facts because the nature and size of a credit card make it easily lost and found and, thus, provide a reasonable explanation or hypothesis for possession by someone other than the owner. He argues that the inference should not apply on these facts and, therefore, the evidence is insufficient to support the grand larceny conviction.
We reject Bunn’s argument. Whether the recently stolen inference is permissible does not depend on the physical characteristics of the stolen item, but upon whether the possession was knowing and recent. See Montgomery v. Com *601 monwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980) (holding that the recently stolen inference applied when the evidence showed that the defendant possessed the goods approximately four weeks after they were stolen). Furthermore, the fact that the stolen AT & T phone credit card was apparently being used by someone other than Bunn and the fact that Eric Townes, who was with Bunn when arrested, also possessed recently stolen property do not prevent the fact finder from drawing the permissible inference that Bunn stole Harlan’s Visa credit card and was involved in stealing the other items from Harlan’s car. See Font v. Commonwealth, 199 Va. 184, 185-86, 190-91, 98 S.E.2d 817, 819, 821-22 (1957) (upholding the application of the recently stolen inference to both defendants even though only one of the defendants had actual possession of the stolen guns); Hope v. Commonwealth 10 Va.App. 381, 383-85, 392 S.E.2d 830, 832-33 (1990) (en banc) (holding that the inference of larceny from recent possession applies even though under the facts, two people possessed the stolen items).
In determining whether the evidence is sufficient to prove Bunn’s guilt beyond a reasonable doubt, we consider the evidence and any reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth. See Traverso v. Commonwealth, 6 Va.App. 172, 176, 366 S.E.2d 719, 721 (1988). “The jury’s verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.” Id. The evidence proved that Bunn possessed Harlan’s Visa credit card sixteen days after it was stolen from Harlan’s locked car. Bunn lived three-tenths of a mile from where the larceny occurred. Because the jury could infer from Bunn’s unexplained possession of the recently stolen credit card that he stole it, the jury’s verdict was not “plainly wrong or without evidence to support it.”
We find no error and affirm the defendant’s conviction.

Affirmed.