COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Coleman
Argued at Richmond, Virginia


RICKY LEE YELLARDY
                                          OPINION BY
v.   Record No. 0172-01-2         JUDGE SAM W. COLEMAN III
                                          APRIL 2, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                 James B. Wilkinson, Judge

        Gregory W. Franklin, Assistant Public
        Defender, for appellant.

        Michael T. Judge, Assistant Attorney General
        (Randolph A. Beales, Attorney General, on
        brief), for appellee.


     Ricky Lee Yellardy, appellant, appeals his felony conviction

of robbery in violation of Code § 18.2-58.  Appellant contends:

(1) the trial court erred by denying his motion to sever the

original two counts of robbery, and (2) the trial court erred by

refusing to instruct the jury on a lesser-included offense of

petit larceny.  We hold that because the two robbery counts arose

out of two acts or transactions that constituted parts of a common

scheme or plan, the trial court did not err by refusing to sever

the two charges.  We also hold that because the evidence and the

defendant's theory of the case did not support the lesser-included

offense of petit larceny, the trial court did not err by refusing

to instruct on petit larceny.  Therefore, we affirm the judgment of the trial court.

## BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  The trier of fact is not required to accept a party's evidence in its entirety, Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe and disbelieve in part or in whole the testimony of any witness.  Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

In this light, the evidence showed that on August 4, 2000, at approximately 1:30 p.m., Shawn Cumfer was walking alone on a path in the James River Park.  From behind, two men approached Cumfer and asked him for a cigarette.  Cumfer did not have a cigarette and continued walking.  One of the men, later identified as appellant, turned Cumfer around and demanded his money.  Cumfer complied and gave appellant twenty-three dollars.  Appellant insisted Cumfer had more money and would not leave until Cumfer gave him more.  Appellant appeared agitated and threatening and

held a rock in his hand. Within minutes the confrontation ended. Cumfer walked home and reported the incident to police. A week later, from a photographic display, Cumfer identified appellant as the person who robbed him. In the photograph, appellant was wearing the same clothing he wore the day of the robbery.

Appellant testified that he did not rob Cumfer but instead Cumfer approached him at the park and inquired about appellant performing sexual acts. Appellant said they agreed to a price of twenty dollars for oral sex. Appellant stated Cumfer then suggested having anal intercourse, but Cumfer did not have a condom and, therefore, appellant refused to engage in any sexual acts. Appellant denied threatening Cumfer with a rock.

As to the second robbery charge, the evidence showed that four days later, on August 8, 2000, at approximately 1:00 p.m., William Halsey was parked in his car eating his lunch alone in a parking lot at the James River Park. As Halsey sat eating and reading a newspaper, appellant approached Halsey's car and punched Halsey through the open window and stated, "I'm going to fuck you up." Halsey exited his car to find appellant confronting him holding a large rock in his hand. Appellant demanded Halsey's money. Halsey handed appellant four dollars. Appellant demanded more money and asked for Halsey's wallet. When Halsey refused to relinquish his wallet, appellant threw the rock at Halsey,

striking him in the arm.  Halsey then picked up the rock and appellant fled.

Halsey immediately reported the incident to a citizen and two park employees who had entered the parking lot just after the robbery.  One of the employees called the police and drove in the direction where appellant reportedly fled.  The employee found appellant and spoke with him until the police arrived.  As the police car approached, appellant attempted to hide behind a parked truck.  Appellant told the police officer he was just walking to work.  He made no statement about having seen or confronted Halsey.

At trial, appellant testified he encountered Halsey as he walked through the park and had entered Halsey's car at Halsey's request.  Appellant stated they discussed how much it would cost for Halsey to fondle appellant.  Appellant said he asked for twenty dollars, but Halsey only gave him four dollars.  Appellant testified that, because Halsey did not give him the agreed price, he got out of the car and left.  Appellant said he kept the four dollars Halsey had given him.

Before trial, appellant made a motion to sever the two robbery charges, which motion the trial court denied.  Appellant also requested a jury instruction on petit larceny, which the trial court refused.  The jury convicted appellant of the August 8, 2000 robbery, but acquitted him of the August 4, 2000 charge.

## ANALYSIS

### Joinder of Offenses

> As pertinent here, Rule 3A:10(c) provides
> that all offenses pending against an accused
> may be tried at one time "if justice does
> not require separate trials and . . . the
> offenses meet the requirements of Rule
> 3A:6(b) . . . ."  Under Rule 3A:6(b),
> joinder of offenses is permissible if they
> "are based on the same act or transaction,
> or on two or more acts or transactions that
> are connected or constitute parts of a
> common scheme or plan."

Satcher v. Commonwealth, 244 Va. 220, 229, 421 S.E.2d 821, 827 (1992).  "'Whether different offenses should be tried separately is a matter that rests within the sound discretion of a trial court.  Thus, a trial court's ruling on the matter will not be reversed absent a showing that the court abused its discretion.'"  Traish v. Commonwealth, 36 Va. App. 114, 129, 549 S.E.2d 5, 12 (2001) (quoting Ferrell v. Commonwealth, 11 Va. App. 380, 386, 399 S.E.2d 614, 617 (1990)).

The two robberies occurred on separate dates and involved separate victims.  Nothing in the record suggests that the offenses were based on the same act or transaction.  However, two offenses may be tried together if the two offenses are connected or constitute parts of a common scheme or plan.

"To meet the 'connected' test, the crimes should be 'so intimately connected and blended with the main facts adduced in evidence, that they cannot be departed from with propriety.'"

Spence v. Commonwealth, 12 Va. App. 1040, 1044, 407 S.E.2d 916, 918 (1991) (quoting Kirkpatrick v. Commonwealth, 211 Va. 269, 273, 176 S.E.2d 802, 806 (1970)).  A reviewing court must look to whether the transactions were "closely connected in time, place, and means of commission, all of which supports the use of a single trial."  Satcher, 244 Va. at 229, 421 S.E.2d at 827; see Cook v. Commonwealth, 7 Va. App. 225, 229, 372 S.E.2d 780, 782 (1988) (robberies connected when "committed by the same persons, one immediately after the other, in close geographical proximity to each other[; t]hey were connected in time, place, method and perpetrators").

Although these acts occurred four days apart, they both transpired in the same area of the same park.  Appellant targeted single males in the park at lunchtime.  In each robbery, the method of intimidation by appellant was identical. Appellant first demanded money and then continued to demand more money once the victims complied.  In both instances appellant used a rock to threaten his victims, a weapon not commonly used in the commission of robbery.  Such facts connect the two events in time, place, and manner of commission.  Although the two events are not so inextricably connected such that the proof of one requires proof of the other, the proof of the identical methods used to commit the two robberies tends to prove the identity of appellant as the person who committed both offenses.

Evidence of both charges also tends to prove that the confrontation was a robbery rather than homosexual encounters, which appellant contended at trial.

Further, the two robberies were parts of a common scheme or plan.

> A "common scheme or plan" exists when the "relationship among the offenses . . . is dependant upon the existence of a plan that ties the offenses together and demonstrates that the objective of each offense was to contribute to the achievement of a goal not attainable by the commission of any of the individual offenses."

Godwin v. Commonwealth, 6 Va. App. 118, 122, 367 S.E.2d 520, 522 (1988) (citation omitted); see also Cook, 7 Va. App. at 229, 372 S.E.2d at 782 (crimes committed by the same perpetrators, in the same area, one after the other, "manifests a single plan"). Although it may not have been apparent to the trial judge when ruling on the motion to sever that the two offenses constituted a common scheme or plan, upon our review of the record it is apparent that appellant had a scheme or plan to confront and rob single men in the park during lunchtime by threatening them with a rock, and when prosecuted, to assert that the victims confronted him with offers of homosexual sex.  Appellant's defense established that he devised a scheme or plan to commit robberies under the guise of being solicited for sex in the park.  Proof of the common scheme or plan is relevant to prove

appellant's intent and his identity as the perpetrator of each offense.  "Although generally evidence of other crimes is not admissible as evidence of guilt in another crime, exception is made where the purpose is to show a common scheme or plan from which motive, intent or knowledge could be inferred."  Id. at 229-30, 372 S.E.2d at 783 (defendant's intent contested).

Because proof of the two offenses was relevant to prove motive, intent and identity, the proof of a common scheme was highly relevant and, as such, justice did not require separate trials.  Because the two offenses met the requirements of Rules 3A:10(c) and 3A:6(b), and justice did not require separate trials, the trial court did not abuse its discretion by refusing to sever the offenses.

## Petit Larceny Instruction

"We are bound by the principle that the accused is entitled, on request, to have the jury instructed on a lesser included offense that is supported by more than a 'scintilla of evidence' in the record."  Bunn v. Commonwealth, 21 Va. App. 593, 599, 466 S.E.2d 744, 746 (1996) (citation omitted).  "'In determining whether to instruct the jury on a lesser-included offense, the evidence must be viewed in the light most favorable to the accused's theory of the case.'"  Hunt v. Commonwealth, 25 Va. App. 395, 400, 488 S.E.2d 672, 674 (1997) (citation omitted).

Appellant requested a jury instruction on the lesser-included offense of petit larceny.  Larceny is "'the

wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently. The animus furandi must accompany the taking, but the wrongful taking of property in itself imports the animus furandi.'" Welch v. Commonwealth, 15 Va. App. 518, 521-22, 425 S.E.2d 101, 104 (1992) (quoting Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945)); see Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 764 (2001) ("larceny requires proof beyond a reasonable doubt of the defendant's intent to steal, which must accompany his taking of the property").

The jury acquitted appellant of the August 4, 2000 offense. Therefore, we only consider appellant's claim that he was entitled to a petit larceny instruction for the August 8, 2000 incident. Viewed in the light most favorable to appellant, the evidence was that Halsey willingly gave him the money as payment for sexual favors. Thus, under this version of the evidence it did not support a larceny instruction because no intent to steal existed and the taking was not against Halsey's will. Neither version of the evidence supported a theory of defense that appellant stole the money from Halsey against his will. Therefore, he was not entitled to an instruction on a lesser-included offense of petit larceny.

The trial court did not err by joining for trial the two robbery offenses or by refusing to instruct the jury on petit larceny as a lesser-included offense. Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>