COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Overton
Argued at Chesapeake, Virginia


HODGES ANTHONY UPSHUR

                                   MEMORANDUM OPINION[*] BY
v.   Record No. 2083-01-1          JUDGE NELSON T. OVERTON
                                         JULY 16, 2002
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                        Jerome James, Judge

             B. Thomas Reed for appellant.

             Richard B. Smith, Senior Assistant Attorney
             General (Jerry W. Kilgore, Attorney General,
             on brief), for appellee.


     A jury convicted Hodges Anthony Upshur, appellant, of

second-degree murder and use of a firearm in the commission of a

felony.  On appeal, he contends the trial court erred in refusing

his proffered instructions on the law of voluntary manslaughter

and on the law of self-defense.  We disagree and affirm.

                            BACKGROUND

     Melvin O'Neal, Jr., the victim, and appellant had a verbal

confrontation inside a nightclub.  Security guards separated the

men, and appellant left the club.  The victim left the club

approximately ten minutes later.  Theresa Smith saw the victim and

_____

       * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

appellant in the parking lot.  Smith testified that she saw appellant holding a gun by his leg, then saw him point it at the victim and shoot the victim.  Smith saw the victim pull a gun from the pocket of his jacket, but only after appellant shot him. Felicia Cofield testified that she was directly behind the victim when he left the club and that she heard Smith say that appellant had a gun.  Cofield heard the victim tell appellant, "[T]hey squashed it in the club . . . let it go."  Cofield saw appellant with a gun and saw him shoot the victim.  Cofield testified that the victim then reached inside his clothing for a gun and fired it several times.  Jerry Barber, a security guard, testified that he asked appellant to leave the club due to his aggressive behavior. Before leaving the club, Barber heard appellant tell the victim, "We'll see you when you get outside."

Yvonne Jones, appellant's girlfriend, testified that she left the club and heard gunfire as she walked across the parking lot. Jones also testified that she never saw anyone fire a gun. Annette Reeves, appellant's friend, testified that she left the club with appellant and went to the car.  Reeves testified that she heard gunfire but did not "see anyone shoot anyone."  Richard Langley, appellant's friend, testified that he heard gunfire, but he did not see anyone fire a weapon.  Charles Johnson, Jr., appellant's cousin, testified that he left the club with appellant, walked to his car, saw the victim approach out of

-

nowhere and heard gunshots.  Johnson also testified that he did
not see who had fired first.

                    THE JURY INSTRUCTIONS

     The trial court instructed the jury on first- and
second-degree murder.  Appellant proffered five model jury
instructions which would have permitted the jury to find him
guilty of voluntary manslaughter for killing in the sudden heat of
passion upon reasonable provocation or not guilty by reason of
excusable or justifiable self-defense.  The trial court found
there was no evidence that appellant felt threatened by the victim
and there was no evidence from which to draw the inference that
appellant was in fear of serious bodily harm or death.  Appellant
argues that the victim approached him "from out of nowhere" in the
parking lot, that the victim had a fully loaded handgun and that
the victim had no legitimate right to be in the parking lot.

     "We are bound by the principle that the accused is entitled,
on request, to have the jury instructed on a lesser included
offense that is supported by more than a 'scintilla of evidence'
in the record."  Bunn v. Commonwealth, 21 Va. App. 593, 599, 466
S.E.2d 744, 746 (1996) (citation omitted).  "'In determining
whether to instruct the jury on a lesser-included offense, the
evidence must be viewed in the light most favorable to the
accused's theory of the case.'"  Hunt v. Commonwealth, 25 Va. App.
395, 400, 488 S.E.2d 672, 674 (1997) (citation omitted).

                              -

"'To reduce a homicide from murder to voluntary manslaughter, the killing must have been done in the heat of passion and upon reasonable provocation.'"  Canipe v. Commonwealth, 25 Va. App. 629, 643, 491 S.E.2d 747, 753 (1997) (citation omitted).  "Heat of passion is determined by the nature and degree of the provocation, and may be founded upon rage, fear, or a combination of both."  Barrett v. Commonwealth, 231 Va. 102, 106, 341 S.E.2d 190, 192 (1986).

"Killing in self-defense may be either justifiable or excusable.  If it is either, the accused is entitled to an acquittal."  Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993).  "'[F]ear alone does not excuse the killing; there must be an overt act indicating the victim's imminent intention to kill or seriously harm the accused.'"  Id. at 71-72, 435 S.E.2d at 417 (citation omitted).

The victim approached appellant in the parking lot, but no inference can be drawn from this fact because there was no evidence that the victim made any threat or acted in an aggressive manner outside the club.  The victim was a patron of the club and had a right to be in its parking lot.  Immediately prior to the shooting, the victim told appellant, "[T]hey squashed in the club . . . let it go."  Both Smith and Cofield testified that the victim did not pull his gun until after appellant had shot him.  None of appellant's witnesses testified that they saw the actual

-

shooting, but only testified that they heard gunfire.  Viewed in the light most favorable to appellant, there was no evidence of provocation or that appellant acted in self-defense.  Accordingly, the trial court did not err by refusing appellant's proffered instructions on voluntary manslaughter and self-defense.

Affirmed.