COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


JOHN E. WOODWARD

                                MEMORANDUM OPINION[*] BY

v.   Record No. 2792-00-2       JUDGE JEAN HARRISON CLEMENTS
                                    JULY 30, 2002

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Robert W. Duling, Judge

William T. Linka (Boatwright & Linka, on
brief), for appellant.

Donald E. Jeffrey, III, Assistant Attorney
General (Randolph A. Beales, Attorney
General, on brief), for appellee.


John E. Woodward was indicted for first degree murder, in
violation of Code § 18.2-32, and convicted in a jury trial of
second degree murder, in violation of Code § 18.2-32. On appeal,
he contends the trial court erred in refusing to grant his
proffered instruction on manslaughter. Finding appellate review
procedurally barred, we affirm Woodward's conviction.

As the parties are fully conversant with the record in this
case and because this memorandum opinion carries no precedential
value, this opinion recites only those facts and incidents of the
proceedings as necessary to the parties' understanding of the
disposition of this appeal.

_____

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Dr. Deborah Kay, Assistant Chief Medical Examiner for the Commonwealth, qualified at trial as an expert witness in the field of forensic pathology. She testified that the cause of the victim's death was "multiple skull fractures that were the result of a blunt trauma." Woodward's counsel cross-examined Dr. Kay extensively regarding the condition of the decedent's heart, suggesting that the victim passed out or died as a result of an arrhythmia or heart attack and sustained the skull fractures from the resulting fall or collapse. However, when asked whether the head wounds were consistent with someone falling after losing consciousness because of arrhythmia, Dr. Kay testified, "I don't think that it's likely that injuries on multiple sides of the head are a result of a single fall typically of arrhythmia."

At the conclusion of the Commonwealth's evidence, Woodward moved to strike the charge of first degree murder, arguing the evidence failed to prove premeditation. After the trial court denied the motion, Woodward rested and renewed his motion to strike, making no new arguments.

The Commonwealth offered Instruction No. 13 on the elements of proof of first degree murder and the lesser-included offense of second degree murder. Woodward objected to the instruction, again arguing there was an absence of evidence of premeditation necessary to elevate the crime to first degree murder. Woodward's counsel then added: "And if the jury has a problem that there is malice, Judge, then we have a manslaughter case. And I would

-

suggest to the Court that a manslaughter instruction is . . . proper, as well."  In response to the Commonwealth's claim that there was no evidence to support a manslaughter jury instruction, Woodward's counsel solely stated, "It's an accidental killing, Judge."  The trial judge overruled Woodward's objection and granted Instruction No. 13, ruling, in part, that "the only alternative even suggested by the defense is that [the victim] fell as a result of a heart attack."

Woodward then tendered three proposed instructions, each of which the trial court refused to grant:

### INSTRUCTION NO. A

The difference between murder and manslaughter is malice.  When malice is present, the killing is murder.  When it is absent, the killing can be no more than manslaughter.

### INSTRUCTION NO. C

You shall find the defendant not guilty of murder or voluntary manslaughter if you believe from the evidence that he struck the deceased without intent to kill her or do her great bodily harm.

### INSTRUCTION NO. D

The Commonwealth must prove beyond a reasonable doubt that the death of Barbara Richardson was not as the result of an accident.  If after consideration of all the evidence you have a reasonable doubt whether the death of Barbara Richardson was as the result of an accident or was an intentional act, then you shall find the defendant not guilty.

-

Woodward contends, on appeal, that the trial court erred when it refused to give an instruction on manslaughter. Specifically, he argues, the court erred in refusing to give his proffered Instruction No. A.[1]

"'We are bound by the principle that the accused is entitled, on request, to have the jury instructed on a lesser included offense that is supported by more than a "scintilla of evidence" in the record.'" Marsh v. Commonwealth, 32 Va. App. 669, 679-80, 530 S.E.2d 425, 430 (2000) (quoting Bunn v. Commonwealth, 21 Va. App. 593, 599, 466 S.E.2d 744, 746 (1996) (emphasis added)).

Here, Woodward requested a "manslaughter instruction" at trial solely on the ground that the killing was "accidental." While "an accidental homicide, contrary to the intention of the parties, occurring during the performance of an unlawful, but not felonious, act or during the improper performance of a lawful act" constitutes involuntary manslaughter, Bolyard v. Commonwealth, 11 Va. App. 274, 276, 397 S.E.2d 894, 895-96 (1990), Woodward did not articulate to the trial court that he was seeking an instruction on involuntary manslaughter. Indeed, he proffered Instruction No.

_____

[1] Woodward makes no assertion, on appeal, that the trial court's refusal to give his proffered Instruction No. C, regarding unintended killing, or Instruction No. D, regarding accidental death, was error. Thus, the propriety of the refusal of those instructions is not before us. See Rule 5A:12(c); Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991) (noting that only those questions presented in the petition for appeal will be considered on appeal).

-

C, which refers to "voluntary manslaughter," and he proffered no instruction that addressed involuntary manslaughter.  We also note that Woodward's brief on appeal does not address the issue of involuntary manslaughter and that Woodward conceded at oral argument in this appeal that he was seeking an instruction to the jury on voluntary manslaughter.

Voluntary manslaughter is an intentional killing committed upon sudden passion or reasonable provocation or in mutual combat.  King v. Commonwealth, 4 Va. (2 Va. Cas.) 78 (1817).  However, Woodward made no argument to the trial court that the subject killing was committed upon sudden passion or reasonable provocation or in mutual combat.  We "will not consider an argument on appeal which was not presented to the trial court." Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1988).

For these reasons, we are procedurally barred from considering the present issue on appeal.  Furthermore, our review of the record in this case does not reveal any reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18.

Accordingly, we affirm Woodward's conviction.

Affirmed.

-