COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


ELDON A. VALERY

                                    MEMORANDUM OPINION* BY
v.    Record No. 2381-01-1           JUDGE D. ARTHUR KELSEY
                                         MARCH 11, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        Frederick B. Lowe, Judge

            Curtis T. Brown for appellant.

            Leah A. Darron, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     On appeal, Eldon A. Valery contends that the trial court

abused its discretion by joining for trial a robbery charge

involving a firearm with five other robbery charges that did not

involve a firearm.  Finding no error in the trial court's

decision, we affirm.

                                I.

     The grand jury issued indictments alleging that Valery

committed six robberies, one using a firearm.  See Code

§ 18.2-58; Code § 18.2-53.1.  The robberies occurred in Virginia

Beach between December 5, 1998, and January 12, 1999.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The first involved the theft of a ring from a jewelry store on December 5. There, the robber snatched a ring from a sales clerk who had removed the ring from the display case.

On January 8, the robber went to a Food Lion grocery store, asked for change, reached into the open register, and ran off with money from the register. Later that day, the robber used a knife at a Zero's Subs restaurant to back a cashier away from the register and then took money from it. That same day, again armed with a knife, the robber took money from a cashier at a Little Caesar's Pizza restaurant.

A day later, on January 9, the robber used a knife to rob a cashier at a Hardee's restaurant. Three days later, on January 12, the robber pointed a firearm at a Food Lion cashier and took money from the register.

Valery was charged with committing all six robberies and for using a firearm during the commission of the sixth robbery, the incident at Food Lion on January 12. On the day of trial, Valery moved to sever the robbery and firearm charges stemming from the sixth robbery. Though he had "no problem" trying the first five robberies together, Valery did "have a problem with trying that one [the sixth robbery] in addition -- in conjunction with the other ones. We feel that it would be -- it would confuse the jury, that that one firearm could be misplaced to be used in place of any of the robberies in which a firearm was not involved."

-

The trial court denied the motion to sever but, nonetheless, addressed Valery's concern by directing that "both sides need to make that abundantly clear in the opening statements so that there is no confusion that the use of a firearm is attached only to the alleged [January 12 Food Lion] robbery." Confirming the scope of Valery's objection, the trial court stated: "To the extent . . . that you object to that particular ruling of the court, your objection and exception is noted for the record."

At the close of the evidence, the trial court sustained Valery's motion to strike the robbery charge involving the January 8 incident at Food Lion. The jury then returned a verdict acquitting Valery of the robbery charge involving the Little Caesar's restaurant but convicted him of the remaining four robberies and the use of a firearm.

## II.

Under Rule 3A:10(c), a trial court may "direct that an accused be tried at one time for all offenses then pending against him, if justice does not require separate trials and (i) the offenses meet the requirements of Rule 3A:6(b) or (ii) the accused and the Commonwealth's attorney consent thereto." See Yellardy v. Commonwealth, 38 Va. App. 19, 23-24, 561 S.E.2d 739, 742 (2002); Brown v. Commonwealth, 37 Va. App. 507, 514, 559 S.E.2d 415, 418 (2002). The decision to join multiple offenses

-

for trial "rests within the sound discretion of the trial court and will not be reversed absent a showing of abuse of that discretion."  Brown, 37 Va. App. at 514, 559 S.E.2d at 419 (citing Ferrell v. Commonwealth, 11 Va. App. 380, 386, 399 S.E.2d 614, 617 (1990)).

On appeal, Valery contends that "justice requires separate trials under Rule 3A:10(c), where evidence of the use of a firearm charge is highly prejudicial to the other charges of robbery."  At trial, however, the only prejudice Valery identified was the possibility the jury would be confused and mistakenly think the firearm used in the sixth robbery was also used in the first five robberies.  Valery did not argue that the robberies were dissimilar events, unconnected by a common scheme or plan.  We therefore limit our analysis to the confusion argument raised before the trial court.[1]

To address the narrow concern raised by Valery, the trial court cautioned the attorneys to be "abundantly clear in the opening statements so that there is no confusion that the use of

---

[1] Under Rule 5A:18, we will not "consider an argument on appeal which was not presented to the trial court."  Morrison v. Commonwealth, 37 Va. App. 273, 279 n.1, 557 S.E.2d 724, 727 n.1 (2002) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)).  For this reason, we do not address whether joinder of Valery's offenses satisfied Rule 3A:6(b)'s "connected test."  See Yellardy, 38 Va. App. at 24, 561 S.E.2d at 742.  We also do not address whether the "good cause" or "ends of justice" exceptions to Rule 5A:18 apply, given that Valery does not argue on appeal for either.

-

a firearm is attached only to the alleged January 12 robbery." Both attorneys complied with the court's instruction, mentioning the firearm only in connection with the January 12 robbery at Food Lion. By doing so, counsel provided the requisite clarity to ensure the jury would not be confused over which robbery charges involved the use of a firearm. Nothing in the record suggests the attorneys, witnesses, or jurors failed to appreciate this point.

## III.

The trial court did not abuse its discretion in denying Valery's motion to sever on the narrow ground asserted. Having addressed in a reasonable way the specific concern raised by Valery, the trial court correctly held that justice did not require separate trials.

<u>Affirmed</u>.

-