COURT OF APPEALS OF VIRGINIA

Present:   Judges Clements, Kelsey and Senior Judge Annunziata
Argued at Alexandria, Virginia


DARRYL PONCE KINNARD

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2398-06-4                  JUDGE D. ARTHUR KELSEY
                                                         JULY 22, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge[1]

Darryl Ponce Kinnard, *pro se*.

Benjamin H. Katz, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


        Darryl Ponce Kinnard appeals his jury convictions for grand larceny, statutory burglary,

and unauthorized use of a motor vehicle.  He was acquitted of charges related to other offenses.

Kinnard argues on appeal that the trial court erred in not granting his pretrial motion to sever the

charges for separate trials.  We disagree and affirm his convictions.

                                                I.

        When affirming a ruling made prior to trial, an appellate court may consider not only the

proffers at the pretrial hearing but also the evidence presented at trial.  See generally Emerson v.

Commonwealth, 43 Va. App. 263, 272, 597 S.E.2d 242, 247 (2004) (applying principle to a

pretrial suppression motion); DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540,

542-43 (1987); see also United States v. Han, 74 F.3d 537, 539 (4th Cir. 1996) (noting that the

-------------------------------------------

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Judge Arthur B. Vieregg ruled on the motion to sever while Judge Keith presided over
the trial and entered the final conviction orders.

federal courts have "held uniformly that an appellate tribunal may consider evidence adduced at trial that supports the district judge's ruling" made prior to trial).[2]

Viewing from this perspective, the evidence established that three burglaries took place in Fairfax County during the course of a six-day period in November 2005. On November 20, 2005, a burglar broke into a bakery located in a strip mall in Fairfax County. The surveillance tape showed the burglar entering at nighttime through a glass door using burglary tools. He then picked up the entire cash register and walked out of the bakery. Four days later, a burglar broke into a restaurant after dark at a nearby strip mall in Fairfax County. The surveillance video of this event showed the burglar entering through a glass door using burglary tools and walking off with a currency drawer taken out of the cash register. After dark on November 26, a burglar broke into a food market at another strip mall in Fairfax County. He used burglary tools to enter through a glass window and door and left with the entire cash register. The strip malls were in close proximity to each other.

About a week later, a police officer noticed a vehicle at 2:00 a.m. in an empty parking lot outside a bakery in a local strip mall. Kinnard was outside peering into the closed bakery. The officer ran the license plate number through his computer database and discovered the vehicle had been reported stolen. The officer apprehended Kinnard and searched the stolen vehicle. In it, the officer found a pry bar, wire cutters, a screwdriver, black glove, a piece of a cash register, currency, and loose change. Police later searched another vehicle used by Kinnard and parked in

---

[2] As an appellate basis for reversing a pretrial severance ruling, however, evidence at trial becomes relevant only if the defendant renews his motion at trial. Only by doing so does the defendant invite the trial court to reconsider its pretrial ruling in light of the actual evidence presented — rather than merely relying (as the trial court ordinarily must when deciding the issue prior to trial) solely upon the charging documents and the pretrial proffers of the parties. See generally United States v. Ross, 510 F.3d 702, 712 (7th Cir. 2007); United States v. Rollins, 301 F.3d 511, 518 (7th Cir. 2002).

Maryland. In this vehicle, the police found part of a cash register, a business card from the burglarized bakery, a receipt from the burglarized market, wire cutters, a flashlight, and a screwdriver.

A grand jury indicted Kinnard on several counts of grand larceny and statutory burglary related to various businesses in Fairfax County. Kinnard was also indicted for unauthorized use of a vehicle. Prior to trial, Kinnard moved to sever the charges into separate trials. The Commonwealth opposed the motion arguing that the crimes were uniquely connected. The trial court agreed with respect to the three burglaries involving the bakery, restaurant, and food market:

> [T]he offenses in this case took place over a limited period of time that are in close proximity to one another. Each involved a break-in through a glass window or door and a cash register or parts being taken. The police have recovered items from these burglaries in cars driven by the defendant and in his home. These acts are accordingly connected.

The case proceeded to trial on these three sets of burglary and larceny charges coupled with the charge of unauthorized use of a vehicle.[3] The jury found Kinnard guilty of statutory burglary and grand larceny involving the bakery on November 20, 2005, and also guilty of unauthorized use of a vehicle. The jury acquitted Kinnard of the charges related to the restaurant and food market.

---

[3] With respect to the severance issue, Kinnard's petition for appeal and opening brief contest only the joint trial of the three sets of burglary and larceny charges. He does not question whether combining the charge of unauthorized use of a vehicle with any one or more of the other charges violated Rule 3A:6(b). "We thus do not answer this unasked question." Lay v. Commonwealth, 50 Va. App. 330, 336 n.3, 649 S.E.2d 714, 716 n.3 (2007). Under Rule 5A:12(c), only questions "presented in the petition for appeal will be noticed by the Court of Appeals." Clifford v. Commonwealth, 274 Va. 23, 25, 645 S.E.2d 295, 297 (2007); McLean v. Commonwealth, 30 Va. App. 322, 329, 526 S.E.2d 717, 720 (1999) (*en banc*). Unlike Rule 5A:18, Rule 5A:12(c) contains no "good cause" or "ends of justice" exceptions to the prohibition of addressing issues outside the scope of the question presented. Thompson v. Commonwealth, 27 Va. App. 620, 626, 500 S.E.2d 823, 826 (1998).

II.

Rule 3A:10(c) authorizes a single trial involving "multiple offenses committed by one defendant 'if justice does not require separate trials and . . . the offenses meet the requirements of Rule 3A:6(b).'" Traish v. Commonwealth, 36 Va. App. 114, 129, 549 S.E.2d 5, 12 (2001) (quoting Rule 3A:10(c)). Under Rule 3A:6(b), two or more offenses may be joined in a single indictment "if the offenses are based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan." Scott v. Commonwealth, 274 Va. 636, 644, 651 S.E.2d 630, 634 (2007). Rule 3A:6(b) requires courts to focus on whether the act or transactions "were 'closely connected in time, place, and means of commission, all of which supports the use of a single trial.'" Yellardy v. Commonwealth, 38 Va. App. 19, 24, 561 S.E.2d 739, 742 (2002) (citation omitted).

Appellate courts do not review joinder issues *de novo*. The governing standard of review commits the question "whether a defendant may be tried for multiple offenses in a single trial" to the trial court's "sound discretion" which cannot be overturned on appeal absent a showing that the trial court "abused its discretion" on this issue. Scott, 274 Va. at 644, 651 S.E.2d at 634 (citation omitted). The abuse-of-discretion standard, "if nothing else, means that the trial judge's 'ruling will not be reversed simply because an appellate court disagrees.'" Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (quoting Henry J. Friendly, Indiscretion About Discretion, 31 Emory L.J. 747, 754 (1982)), adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006) (citation omitted).

Under the circumstances of this case, we cannot say the trial court abused its discretion in denying Kinnard's motion to sever the charges. Each burglary was part of a short-lived, targeted scheme with common idiosyncratic characteristics. All three burglaries included the theft of not just money, but the physical removal of the entire cash register or its currency drawer. The targeted shops, the trial court found, were in strip malls in "close proximity" to one another. The burglaries took place within days of each other. The burglar in each incident broke through glass windows or doors at night after the shops had closed. Shortly thereafter, police apprehended Kinnard peering into a nearby business at 2:00 a.m. and driving a vehicle containing burglary tools and a piece of a cash register. In another vehicle used by Kinnard, the police found a business card from one of the burglarized businesses and a receipt from another burglarized business, along with additional burglary tools and a part from a cash register.

In short, the type of businesses targeted (strip-mall shops), their location (close proximity to each other), the kind of property taken (cash registers or parts of cash registers), the brief period of time in which the burglaries took place (a six-day period), the time and manner of entry (at night through a glass door or window) — when coupled with the facts surrounding Kinnard's apprehension and the items found in the vehicles he used — all involve circumstances that a reasonable jurist could find "are connected or constitute parts of a common scheme or plan," Rule 3A:6(b), to such a degree that "justice does not require separate trials," Rule 3A:10(c). Given the fact-specific nature of this issue,[4] we defer to the trial court's discretionary decision to permit joinder of the offenses under the unique circumstances of this case.

---

[4] See, e.g., Yellardy, 38 Va. App. at 25, 561 S.E.2d at 742 (approving joinder where the robberies targeted similar victims four days apart in the same park); Brown v. Commonwealth, 37 Va. App. 507, 515, 559 S.E.2d 415, 419 (2002) (finding robberies were "connected" and evidence "closely intertwined" as one victim's purse was found in the second victim's car); Traish, 36 Va. App. at 129-30, 549 S.E.2d at 12 (affirming joinder where evidence revealed a

III.

Because the trial court did not err in refusing to sever the burglary and larceny charges

for separate trials, we affirm Kinnard's convictions.

Affirmed.

---

"common scheme" committed by "distinctive means"); <u>Kirk v. Commonwealth</u>, 21 Va. App. 291, 296, 464 S.E.2d 162, 164-65 (1995) (finding joinder of robberies proper where, in a period of eleven days, defendant approached the same store, in the same manner, at the same time of night); <u>Cook v. Commonwealth</u>, 7 Va. App. 225, 228-29, 372 S.E.2d 780, 782 (1988) (finding robberies committed "in close geographical proximity to each other" were "connected" by time, place, method, and perpetrators). For contrasting fact patterns, see <u>Scott</u>, 274 Va. at 646-47, 651 S.E.2d at 636 (finding no common plan or scheme amongst robberies occurring over a four-month period and involving no "idiosyncratic features"); <u>Purvis v. Commonwealth</u>, 31 Va. App. 298, 306-07, 522 S.E.2d 898, 902 (2000) (finding burglaries improperly joined where they occurred two months apart and one involved the theft of cash while the other involved the theft of postage stamps); <u>Spence v. Commonwealth</u>, 12 Va. App. 1040, 1043-45, 407 S.E.2d 916, 918 (1991) (finding four drug transactions over a period of five weeks were not "connected"); <u>Godwin v. Commonwealth</u>, 6 Va. App. 118, 122, 367 S.E.2d 520, 522 (1988) (rejecting joinder where "no evidence linked or connected the one robbery with the other").