COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Petty
Argued at Richmond, Virginia


TINA MARIE JULIANO, A/K/A
   CHRISTINA MARIE JULIANO
                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 2443-07-4              CHIEF JUDGE WALTER S. FELTON, JR.
                                                        JULY 21, 2009
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                      George F. Tidey, Judge Designate

          Scott C. Seguin (Spencer & Seguin, PLC, on brief), for appellant.

          Richard B. Smith, Special Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


        Following a jury trial on February 18, 2005, Tina Marie Juliano ("appellant") was

convicted of grand larceny in violation of Code § 18.2-95, and sentenced to a term of

incarceration, a part of which was suspended.[1]  On appeal, she contends the trial court erred by

refusing to grant her proffered petit larceny jury instruction as a lesser-included offense of grand

larceny.  For the following reasons, we affirm the judgment of the trial court.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The incident out of which the charge arose took place on November 6, 2001.  Appellant
was subsequently arrested on December 19, 2002 and thereafter released on bond.  Following
several continuances, appellant's trial commenced before a jury on February 18, 2005.  After the
jury retired to the jury room to deliberate but prior to returning its verdict of guilty, appellant
departed from the courtroom and did not return.  Appellant was apprehended over two years
later.  Appellant was sentenced on October 6, 2007.

BACKGROUND

Where the issue on appeal is the refusal of the trial court to grant a lesser-included offense instruction, "even though the Commonwealth prevailed at trial, we must view the evidence on this issue in the light most favorable to the defendant, the proponent of the instruction." Commonwealth v. Leal, 265 Va. 142, 145, 574 S.E.2d 285, 287 (2003).

On November 6, 2001, the Stafford County Sheriff's Department received a phone call from Patrick Bailey, the proprietor of the 610 Pawn Shop, advising that Michael Pash ("Pash") had attempted to pawn several items. The sheriff's department had previously alerted Bailey that Pash had been involved in criminal activity involving pawned goods and asked that he call them if Pash came to his pawnshop. Shortly after Bailey's call, officers stopped a car, driven by Pash, in which appellant was a passenger. Appellant told the officers that recently "stolen stuff out of the Home Depot" was in the trunk of the car. At the same time, the officers also stopped a gray minivan occupied by Pash's brother, Joseph Pash, and appellant's brother, Mike Juliano. Officers found "a Bostitch finish nailer," "two Senco nailers," and a Bostitch floor stapler, still in original packaging, in the trunk of the car driven by Pash. Officers also recovered a Paslode impulse nailer and "two DeWalt drills" from the 610 Pawn Shop.

Later that day, appellant gave a detailed videotaped statement to police.[2] She told police that, on the date of the offense, she accompanied her longtime boyfriend Pash, her brother, and Pash's brother to the Home Depot in Stafford County, knowing they intended to steal tools. She admitted to police that at the Home Depot she placed a Senco nailer in the shopping cart containing the items the group was stealing. She then waited outside and watched the other individuals slip the items through Home Depot's security fence. She admitted assisting in the

_____

[2] At trial, that videotape was admitted as evidence and viewed by the jury.

pawning of the stolen items at the 610 Pawn Shop, using her identification card to pawn the Paslode nailer.

At trial, Michael Ragnetti, the assistant manager of the Home Depot, testified that a "Paslode impulse nailer . . . sells [at Home Depot] for about three hundred and ninety-eight dollars."[3]  He also testified that, at the time the goods were stolen from the Home Depot, DeWalt drills sold in the $200 range, Bostitch finish nailers sold for just under $200, and Bostitch floor staplers sold for about $597.  Notably, appellant's evidence, in the form of Pash's testimony, was that Pash "could get twenty-five hundred dollars out of the stuff" stolen from Home Depot on that date.

Pash, appellant's only witness at trial, testified that he supported himself and appellant, his longtime girlfriend, by stealing.  He told the jury that he had "a good theft record," and had been convicted of three felonies and "[a] lot" of misdemeanors involving stealing or lying.  He told the jury that appellant "didn't have nothing to do" with the Home Depot theft and that she was at a nearby Wal-Mart during the incident.  Pash testified that he, his brother, and appellant's brother stole the items recovered by police from Home Depot.  He told the jury that appellant met them at the 610 Pawn Shop a short time later.  There, he "pawn[ed] . . . two DeWalt drills," stolen from Home Depot earlier that day, for about $140.  He further testified that appellant's brother attempted to pawn the Paslode impulse nailer, stolen earlier that day from the Home Depot, but that he did not have an identification card which was required to pawn the item.  Pash told the jury that appellant's brother did not carry any identification because there was a warrant for his arrest.  Pash stated that appellant's brother used appellant's identification card to pawn the Paslode nailer for $125.

---

[3] A pawn ticket admitted as evidence showed that the stolen Paslode nailer was pawned for $125 at the 610 Pawn Shop.

At trial, appellant asked the trial court to give a petit larceny instruction as a lesser-included offense of grand larceny to the jury. She argued that "the jury could understand . . . that there is no evidence of value of the property, because we couldn't prove that these were the items that were actually stolen from Home Depot." The trial court found, from the evidence presented, that the case was not "a petty larceny case" and refused appellant's proffered instruction.

ANALYSIS

Appellant contends the trial court committed reversible error by denying her proffered jury instruction on petit larceny as a lesser-included offense.

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). "'We are bound by the principle that the accused is entitled, on request, to have the jury instructed on a lesser included offense that is supported by more than a "scintilla of evidence" in the record.'" Yellardy v. Commonwealth, 38 Va. App. 19, 26, 561 S.E.2d 739, 743 (2002) (quoting Bunn v. Commonwealth, 21 Va. App. 593, 599, 466 S.E.2d 744, 746 (1996)).

"'In determining whether to instruct the jury on a lesser-included offense, the evidence must be viewed in the light most favorable to the accused's theory of the case.'" Id. (quoting Hunt v. Commonwealth, 25 Va. App. 395, 400, 488 S.E.2d 672, 674 (1997)) (internal quotation marks omitted). However, "[i]f the instruction is not applicable to the facts and circumstances of the case, it should not be given. Thus, it is not error to refuse an instruction when there is no evidence to support it." Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001) (citations omitted). "'[T]he weight of the credible evidence that will amount to more than a mere scintilla . . . is a matter to be resolved on a case-by-case basis' by assessing the evidence in support

- 4 -

of a proposition against the 'other credible evidence that negates' it." Woolridge v. Commonwealth, 29 Va. App. 339, 348, 512 S.E.2d 153, 157 (1999) (quoting Brandau v. Commonwealth, 16 Va. App. 408, 411-12, 430 S.E.2d 563, 565 (1993)) (alteration in original).

During the Commonwealth's case-in-chief, the jury watched the videotaped interview of appellant by police on the date of the offense. In that videotape, she fully implicated herself in the theft of tools from the Home Depot. Appellant's only evidence during her case was the testimony of Pash, her longtime boyfriend, who told the jury that she had no involvement in the theft of the tools from Home Depot.

In order to grant appellant's requested instruction on the lesser offense of petit larceny, the trial court necessarily had to determine whether the evidence, viewed in the light most favorable to the accused's theory of the case, established by more than a scintilla of evidence that appellant wrongfully or fraudulently took "'personal goods of some intrinsic value, belonging to [Home Depot], without [its] assent, and with the intention to deprive the owner thereof permanently,'" Yellardy, 38 Va. App. at 26, 561 S.E.2d at 743 (quoting Welch v. Commonwealth, 15 Va. App. 518, 521-22, 425 S.E.2d 101, 104 (1992)) (internal quotation marks omitted), and that those items had a "value of less than $200," Code § 18.2-96.

Appellant's theory of the case was that Pash stole tools from Home Depot, that appellant "didn't have nothing to do" with the theft, and that she merely loaned her identification card to her brother at the pawnshop to enable him to pawn some of the stolen items. She contended at trial that there was no proof that the tools admitted as evidence were stolen from Home Depot. If the jury believed appellant's defense, the only verdict it could have reached was that appellant was not guilty of the theft of the goods from Home Depot. If the jury believed the Commonwealth's evidence, including appellant's videotaped statement to police, the only verdict it could have returned was that she was guilty of grand larceny.

"We repeatedly have ruled that 'although the jury's ability to reject evidence will support an acquittal, the ability to reject evidence does not supply the affirmative evidence necessary to support a jury instruction.'" Leal, 265 Va. at 147, 574 S.E.2d at 288 (quoting Commonwealth v. Vaughn, 263 Va. 31, 37, 557 S.E.2d 220, 223 (2002)).

Our review of the record reveals that no "version of the facts exists that the jury could have believed which would support" appellant's proffered petit larceny jury instruction. Hunt, 25 Va. App. at 403, 488 S.E.2d at 676.

We conclude that the trial court did not err in finding that there was not a scintilla of affirmative evidence to support appellant's requested petit larceny jury instruction and that it did not err in refusing to give that instruction. Accordingly, we affirm the judgment of the trial court.

Affirmed.